NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 3 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YIMING LIN, | No. 13-70608 |
| Petitioner, | Agency No. A088-482-115 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016**

Before:    LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Yiming Lin, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum and withholding of

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.   *See* Fed. R. App. P. 34(a)(2).   Thus, we deny Lin's request for oral argument.

removal.   We have jurisdiction under 8 U.S.C. § 1252.   We review for substantial evidence the agency's factual findings.   *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).   We deny in part and grant in part the petition for review, and we remand.

Lin claims he suffered past persecution and has a well-founded fear of future persecution on account of his religion.   Substantial evidence supports the BIA's finding that, assuming Lin is credible, the harm he suffered in China did not rise to the level of persecution.   *See Gu v. Gonzales*, 454 F.3d 1014, 1019-21 (9th Cir. 2006); *see also Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) ("Although a reasonable factfinder *could* have found [these incidents constituted] past persecution, we do not believe that a factfinder would be compelled to do so.") (emphasis in original).

In addressing Lin's claim of a well-founded fear of future persecution on account of his Christianity, however, the BIA faulted Lin for not providing corroborative evidence, even though the IJ did not give Lin notice that corroboration was required, or give him an opportunity to obtain it or explain why it was not reasonably obtainable.   *See Ren v. Holder,* 648 F.3d 1079, 1093 (9th

Cir. 2011). Thus, we remand Lin's asylum and withholding of removal claims to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

We grant respondent's unopposed motion to withdraw its prior motion to hold this case in abeyance.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**